FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 23 2021

TAMMY H. DOWNS, CLERK
By: /s/ Rochelle
                    DEP CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

MATTHEW L. STASZAK                                        PETITIONER
Reg. #24227-171

V.                              No. 2:21-cv-00047-JTR

JOHN P. YATES, Warden
FCI-Low, Forrest City, Arkansas                           RESPONDENT

## ORDER OF DISMISSAL[1]

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Matthew L. Staszak ("Staszak"), who was incarcerated at the Forrest City, Arkansas, Federal Correctional Institution when he filed his Petition. *Doc. 1*. In the Petition, Staszak challenges his federal conviction, pursuant to a guilty plea, to Sexual Exploitation of a Minor, two counts of Travel with Intent to engage in Illicit Sexual Conduct, and Failure to Appear.[2] *United States v. Staszak*, 4:12-CR-40064-JPG (S.D.Ill., judgment entered Feb. 5, 2014)("*Staszak I*").

---

[1] The parties consented in writing to allow a United States Magistrate Judge to exercise jurisdiction over this case and conduct all proceedings, including the entry of a final judgment. *Doc. 25*.

[2] On or about October 4, 2012, Staszak cut his electronic monitor and absconded while on pretrial release, leading to the Failure to Appear conviction. *Staszak*, 4:12-CR-40064-JPG, *Docs. 39, 40, 41, & 69*. Staszak claimed he was going to turn himself in, but instead was caught in a bar on June 2, 2013. *Doc. 1, pp. 209-210*. While "Staszak does not challenge" his conviction for Failure to Appear, he still requests this Court to vacate his conviction. *Doc. 1, p. 2*.

## I. Introduction

As a threshold matter, it is important to understand the relevant facts giving rise to Staszak's collateral attack on his federal conviction.

On August 5, 2013, Staszak pled guilty to Sexual Exploitation of a Minor, two counts of Travel with Intent to engage in Illicit Sexual Conduct, and Failure to Appear. *Staszak I, Docs. 68, 69, & 70*. On February 7, 2014, Staszak was sentenced to imprisonment for 240 months. *Staszak I, Docs. 82 & 85*.[3] He did not file a direct appeal challenging either his conviction or sentence. By accepting the plea agreement, Staszak understood that he was waving any appeal or collateral attack rights. *Staszak I, Doc. 97, p. 12*.

On January 8, 2015, Staszak filed a § 2255 Motion to Vacate his Sentence. *Staszak v. United States*, 3:15-CV-00020-JPG (S.D.Ill., dismissed Feb. 21, 2020) ("*Staszak II*"). He raised fourteen grounds for relief and requested an evidentiary hearing. *Staszak II, Docs. 1, 6, & 31*. After multiple evidentiary hearings (*Staszak II, Docs. 84, 85, 86, 87, 92, 94, 97, 99, 100, 101*), and consideration of the voluminous record and filings, the sentencing court dismissed Staszak's § 2255 motion (*Staszak II, Doc. 134*), and declined to issue a certificate of appealability. *Id. at p. 37*.

---

[3] Prior to imposition of sentence, Staszak and his attorney agreed that 300 months' imprisonment (five years more than he actually received) was an appropriate sentence. *Staszak I, Docs. 70, 97, & 98*.

2

Staszak appealed the denial of § 2255 relief to the Seventh Circuit. On December 3, 2020, the Court affirmed the denial of Staszak's § 2255 Motion and found that Staszak had failed to make a substantial showing that any of his constitutional rights were violated. *Staszak II*, Doc. 144. Thereafter, Staszak did *not* request permission from the Seventh Circuit to file a Second or Successive § 2255 Motion.

Instead, on May 7, 2021, Staszak initiated this § 2241 habeas action and sought to use this proceeding to relitigate the same claims that he unsuccessfully raised in the § 2255 proceeding. *Doc. 1*. Staszak significantly delayed the resolution of his habeas claims by burdening the Court with hundreds of pages of *irrelevant* "evidence", much of which was devoted to disparaging the Victim and her mother.[4] In addition to his 233-page Petition (*Doc. 1*), Staszak filed an Affidavit Exhibit B (*Doc. 2*), a Notice (*Doc. 3*), "Additional Newly Discovered Evidence" (Verizon Wireless bill) (*Doc. 4*), Affidavit Exhibits O and P (*Doc. 6*), Affidavits of Danny

---

[4] Staszak seeks to blame the then-minor Victim for all of his legal problems based on her alleged sexual promiscuity. His submissions to the Court leave no doubt about his clear animus toward the Victim and her mother. Despite the sentencing Court in *Staszak II* noting "it would be virtually impossible to get evidence of [the Victim's] prior sexual conduct admitted," Staszak still devoted a significant portion of his numerous filings in this proceeding to disparaging the minor Victim.

The allegedly "newly discovered evidence" of the Victim's supposed sexual promiscuity is wholly irrelevant. It does not matter how many other people the minor Victim allegedly had sex with, or how horrible her mother allegedly is. It simply does not provide a defense for Staszak, who admitted under oath, during his guilty plea colloquy, that he: filmed himself having intercourse with the Victim, someone he knew was a minor; repeatedly traveled interstate to have additional sexual encounters with the minor Victim; and later absconded as a fugitive from justice.

Baxter and Joseph Devlin (*Doc. 7*), a Petition for Injunction (*Doc. 15*), another "Additional Newly Discovered Evidence" (USAA credit card statement) (*Doc. 17*), Affidavit Exhibit Q (*Docs. 18*), Affidavit Exhibit S (*Doc. 19*), Affidavit Exhibit N (*Doc. 21*), multiple additional Affidavits (*Docs. 22 & 23*), a 262-page response to the Motion to Dismiss (*Doc. 26*), Supplements to his Response (*Docs. 27 & 28*), a Notice regarding prison visitation (*Doc. 29*), a Motion for Expedited Ruling (*Doc. 30*), Notices regarding prison recreational activities and visitation (*Docs. 31, 32, & 33*), an Addendum and Complaint against the sentencing judge (*Doc. 34*), and extensive correspondence (*In Re Correspondence*, 2:21-cv-00047-JTR).

In his § 2241 habeas Petition, Staszak essentially raises the *same issues* that were rejected by the sentencing court and affirmed by the Seventh Circuit in his § 2255 proceeding. Respondent has filed a Motion to Dismiss contending that the Court lacks subject matter jurisdiction to consider Staszak's § 2241 Petition. *Doc. 24*. Staszak has filed a Response opposing Respondent's Motion to Dismiss. *Docs. 26, 27, & 28*.

For the reasons explained below, the Court lacks subject matter jurisdiction to consider Staszak's § 2241 habeas Petition. Accordingly, Respondent's Motion to Dismiss is GRANTED.

## II. Discussion

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack *the validity* of a federal conviction or sentence, and claims that challenge *the execution* of a federal sentence. In his § 2241 habeas Petition, Staszak clearly is challenging the validity of his federal conviction and sentence, *not* the execution of his federal sentence.[5] *Doc. 1*.

As a general rule, collateral attacks on the validity of a federal conviction and sentence must be raised in a motion to vacate filed in the sentencing court under 28 U.S.C. § 2255, rather than by a habeas petition filed in the court of incarceration under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted

---

[5] Staszak strenuously but erroneously argues that he "is NOT challenging the 'VALIDITY' of his sentence" but instead only the execution of his sentence. *Doc. 26, p. 3*. Under Staszak's tortured logic, he is asking this Court only to strike the Second Superseding Indictment (something that inherently would also *invalidate* his conviction and sentence) because it was the basis for the "execution" of his sentence. *Id*. Obviously, any challenge by a prisoner to the validity of the charging Indictment or Superseding Indictment is also a direct challenge to the validity of his underlying conviction and sentence. In contrast, a challenge to the execution of a sentence relates to much different and far narrower matters limited to such things as calculation errors in the length of a sentence, loss of good time credits, or the terms of a prison restitution plan. *Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002).

5

and sentenced the federal prisoner. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence, but only if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1091.

Staszak contends that this Court can exercise subject matter jurisdiction over his § 2241 habeas Petition because he "exhausted all other remedies pertaining to his previous 28 U.S.C. Section 2255 Motion." *Doc. 1, p. 3*. This contention in no way entitles Staszak to the benefit of the "savings clause" in § 2255(e). For Staszak to pursue a collateral attack on his federal conviction under § 2241, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is *not* "inadequate or ineffective" because: (1) "§ 2255 relief has already been denied;" (2)

the "petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) the "petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id*.

Staszak argues he received "a 'limited' evidentiary hearing" on his previous § 2255 Motion. *Doc. 1, p. 3*. This is true only in the sense that the hearings were properly "limited" *to relevant issues*. Over a period of five years, the sentencing court held multiple evidentiary hearings to allow Staszak to present evidence in support of his § 2255 Motion. *Staszak II, Docs. 84, 85, 86, 87, 92, 94, 97, 99, 100, 101*. Staszak presented, and the sentencing court considered, thousands of pages of evidence.

After thoroughly considering the evidence, the sentencing court found that Staszak's sworn statements during his plea colloquy, his waiver of his right to file a § 2255 motion, and his voluntary guilty plea all combined to completely foreclose § 2255 relief. *Staszak II, Doc. 134, pp. 18-20*. Finally, the sentencing court also concluded that Staszak's claims failed *on the merits*.

The sentencing court also addressed and rejected each of Staszak's claims. For example, the court found a good faith investigation by federal law enforcement revealed "evidence suggesting [Staszak's] parents aided him in becoming and/or remaining a fugitive from justice." Accordingly, the court rejected Staszak's claim

7

that he was induced to plead guilty based on threats that, if he did not, his family would be prosecuted for aiding and abetting. *Staszak II, Doc. 134, pp. 25-26*. The sentencing court also found that Staszak's statements admitting that he created and subsequently destroyed a sexually explicit video on his cell phone, of the minor Victim, along with his sworn admission of that conduct, were sufficient evidence to support his plea to the charge of Sexual Exploitation of a Minor. *Staszak II, Doc. 134, pp. 26-29*. Finally, even if Staszak was correct that he did not commit a federal crime because he had sex with the victim when she was 16 years old (instead of 15 years old), the evidence showed that Staszak had begun the relevant criminal act, interstate travel to engage in illicit sexual conduct, while the victim was 15 years old. *Staszak II, Doc. 134, p. 29*.

The fact that Staszak may have had "other reasons" for interstate travel, besides engaging in sexual conduct with the minor Victim, is wholly irrelevant. All that was required, as a matter of law, to prove Staszak's guilt was evidence that "*a dominant* purpose, not necessarily *the dominant or primary purpose*" for his interstate travel "was to have illicit sexual conduct with a minor." *Staszak II, Doc. 134, p. 34*.

The court also pointed out that many of Staszak's allegations of misconduct by his attorney never happened. *Staszak II, Doc. 134, p. 31*. Staszak failed to provide any support for claims of exculpatory evidence, that his attorney failed to introduce

or use. *Staszak II*, Doc. 134, p. 32. Further, the court found the "credible evidence" showed Staszak's attorney "did everything competent counsel would do." *Staszak II*, Doc. 134, pp. 34-36. Finally, the court found that in light of the "strong evidence against Staszak that exposed him to 100 years in prison,"[6] Staszak's attorney produced "an outstanding result that well exceeded mere competent representation." *Staszak II*, Doc. 134, p. 36.

In his § 2241 habeas Petition, Staszak requests this Court to reverse the thorough, well-reasoned findings of the sentencing court, *and* also disregard the Seventh Circuit Court of Appeals' finding of "no substantial showing of the denial of a constitutional right." *Staszak II*, Doc. 144-1. Nothing in § 2255's "savings clause" authorizes this Court to exercise such far ranging subject matter jurisdiction under § 2241.

Finally, Staszak argues this Court may address any claims of actual innocence that he failed to present in his § 2255 Motion. *Doc. 1, p. 3*. The basis for all of his actual innocence claims were, for the most part, included in his previous proceedings and rejected in *Staszak II*. Staszak had *many opportunities* to supplement his § 2255 Motion with additional claims and evidence between the original filing of his § 2255 Motion in 2015, and the sentencing Court's dismissal of that Motion on February

---

[6] This evidence included overhears of Staszak's own conversations with the minor Victim; transcripts of sexually graphic Facebook chats with the minor Victim; and statements he made to law enforcement before his arrest.

21, 2020. The Eighth Circuit has consistently held that the "savings clause" may not be used to raise an issue under § 2241 which could have been, or actually was, raised in a § 2255 motion in the sentencing district. *Lopez-Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009). Staszak has not shown that any of his claims of actual innocence raised in his § 2241 Petition arose *after* the conclusion of his § 2255 proceeding in February 2020.

Staszak also argues he has "newly discovered evidence" showing his actual innocence. However, all Staszak relies on to support this claim are his own conclusory assertions, along with irrelevant evidence related to arguments the sentencing court rejected because they had no bearing on his actual innocence or the outcome of his case.

The actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851 (1995). To qualify as "newly discovered evidence," it must be "material" *and* sufficiently probative to likely produce an acquittal if a new trial is granted. *English v. United States*, 998 F.2d 609, 611 (8th Cir. 1993). In this case, Staszak admitted under oath that he had a sexual relationship with the minor Victim. He also stipulated that he produced an illicit video of him having sex with the minor Victim. *Staszak I, Doc. 69*. Staszak testified he met the minor Victim's mother first, then mailed the minor

Victim a cellular phone. *Doc. 1, p. 211*. He knew the Victim was underage, but continued to have sexual contact with her. *Doc. 1, pp. 212-213*. He now, almost a decade later, claims receipts for his cell phone purchase are sufficient to prove that he did not do any of the things he admitted doing, multiple times, under penalty of perjury. The "receipts" in the record are *not* "new evidence," and come nowhere close to establishing that Staszak is actually innocent.

Finally, Staszak's obvious lack of diligence in locating the receipts forecloses habeas relief. According to Staszak, the receipts for his cell phone were located in "sealed boxes" in his father's possession and they were "unavailable" to him before he filed this habeas action. *Doc. 26, 27, & 28*. However, Staszak goes on to make it clear that what made those documents "unavailable" to him was the fact he "did not recall or remember those receipts" until after he filed this habeas action. *Doc. 26, p. 4*. A habeas petitioner's failure to remember the existence of documents that he only later recalls does not make those document "unavailable" or cause them to qualify as "new evidence."

At the time Staszak entered his guilty plea, he potentially faced 100 years in prison. With so much at stake, even a miniscule amount of diligence would have motivated a reasonable person to look in boxes of personal possessions from the relevant time period for potential evidence, even if those receipts were in boxes that were located at the home of a parent. Staszak clearly could have accessed the

property himself while on pretrial release or in the months he was a fugitive from justice. He could have asked his father to access the property in 2012 (the year of his arrest), 2013, 2014, 2015, 2016, 2017, 2018, 2019, or 2020. The fact that Staszak is only now presenting this so-called "new evidence" strongly suggests just how little evidentiary value it has. Further, if Staszak had read the sentencing court's orders in his § 2255 proceeding, he would know this "evidence" has already been determined to be irrelevant.

Finally, assuming *arguendo* that Staszak could identify some support for his actual innocence claim, he fails to explain why he lacked the opportunity to present that claim to the court in which he was convicted and sentenced. See *Abdullah v. Hedrick*, 392 F.3d 957, 962 (8th Cir. 2004) (even if a petitioner with a viable claim of actual innocence seeks to prove § 2255 was "inadequate or ineffective" to test the legality of his conviction, he cannot use § 2241 to present his claims unless "the petitioner had not had an earlier procedural opportunity to raise the claim."). All of Staszak's challenges to his conviction, including the current claims of actual innocence, could have been raised in Staszak's lengthy § 2255 proceeding that remained open from 2015 to 2020.

Staszak has failed to satisfy his burden of establishing that his § 2255 remedy, which he unsuccessfully pursued in *Staszak II*, was "inadequate or ineffective." Because this gateway requirement has not been satisfied, this Court cannot exercise

subject matter jurisdiction over Staszak's § 2241 challenge to the validity of his conviction and sentence.

### III. Conclusion

The evidence Staszak attempts to rely on falls far short of making even a colorable showing that he is actually innocent. He also has not come close to meeting the exception in the "savings clause" found in § 2255(e). Further, even if Staszak had presented meritorious claims, with some evidentiary support, this Court would still lack subject matter jurisdiction to provide the relief requested. Finally, for Staszak to properly proceed with any of these claims he must first receive authorization from the Court of Appeals for the Seventh Circuit. Only then can a district court consider the claims in his § 2241 habeas Petition. *See* 28 U.S.C. § 2255(h) (citing 28 U.S.C. §2244).

IT IS THEREFORE ORDERED THAT Respondent's Motion to Dismiss (Doc. 24) be GRANTED. Petitioner Matthew L. Staszak's Petition for a Writ of Habeas Corpus, *Doc. 1*, is DISMISSED, without prejudice. All pending motions are DENIED as moot.

Dated this 23rd day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE